## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA        :     CR. No. *CR08-445*

                   :

          v.                   :      Violation of Title 18,

                   :      United States Code, Sections

DAVID WHITAKER           :      215(a)(1), 371, 1343 & 1957

a/k/a David Andrews a/k/a Chase    :

                   :

**FILED**

MAY 0 9 2008

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## INFORMATION

The United States Attorney charges that:

## COUNT 1

### A. Introduction

At all times material to this Information:

1.      Mixitforme, Inc. (herein "Mixitforme") was a company formed for the purported purpose of selling electronic equipment to individuals and small businesses over the Internet and by telephone. Mixitforme was incorporated in the State of Rhode Island in or about August, 2005.

2.      Defendant DAVID WHITAKER was responsible for the day to day operations of Mixitforme, including soliciting large orders for electronic equipment and ordering product from various suppliers. He held a variety of titles at Mixitforme, including that of Chief Operating Officer, Presidential Advisor, and Counsel to the President of Mixitforme.

3.      Cory Johnson was the President of Mixitforme.

4.      Mixitforme maintained various checking accounts, including checking account #

52011921 at Bank RI in Providence, Rhode Island.

### B. The Scheme

5.     Beginning in or about August, 2005, and continuing until in or about March, 2006, in the District of Rhode Island, and elsewhere, the defendant, DAVID WHITAKER, knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property, from customers of Mixitforme by means of false and fraudulent pretenses, representations and promises.

### C. Manner and Means

6.     It was a part of the manner and means that Mixitforme advertised for sale electronic products at lower prices than were otherwise available on the market.

7.     It was further a part of the manner and means that as a result of the below market sales prices, Mixitforme received millions of dollars of orders for electronic equipment.

8.     It was further a part of the manner and means that the customers of Mixitforme would usually place initial test-orders for small quantities of electronic equipment. After paying for the initial orders and receiving the equipment, these purchasers would place further orders in greater quantities.  After having paid for these larger orders, the orders would go unfilled and Mixitforme would not deliver the ordered product to its customers.

9.     It was further a part of the manner and means that the principal point of contact for sales to businesses at Mixitforme was defendant DAVID WHITAKER, who also used the aliases "Chase" or "David Andrews" when communicating with customers.  In addition to using the aforementioned aliases, defendant DAVID WHITAKER regularly posed as Cory Johnson, including using Johnson's driver's license as his own, using Johnson's credit cards as his own,

2

and flying under the name of Cory Johnson.

10.     It was further a part of the manner and means that defendant DAVID

WHITAKER promised customers that if they wired large sums of money to Mixitforme's Rhode

Island bank account, they would receive the agreed-upon amount of electronic equipment within

days or weeks.  When the agreed upon delivery date passed, WHITAKER would provide false

reasons for non-delivery, all of which were designed to mislead the customers into believing they

would receive their orders and also induce them to place further orders.

11.     It was further a part of the manner and means that defendant DAVID

WHITAKER made false and fraudulent representations to the customers of Mixitforme for the

purpose of inducing them to wire millions of dollars to Mixitforme.  These false and fraudulent

representations included, but were not limited to: (i) falsely representing that Mixitforme was an

authorized Apple distributor; (ii) falsely representing that Mixitforme was an authorized Sony

distributor, and that Mixitforme could sell Sony products cheaply because of an arrangement it

had with Sony; (iii) falsely representing that Mixitforme was an authorized Motorola distributor;

and (iv) falsely representing that Mixitforme could sell products cheaply because its supplier was

a European or Asian company.

12.     It was further a part of the manner and means that following the receipt of

customer funds and the passing of the expected delivery date, defendant DAVID WHITAKER

made numerous misrepresentations as to the reason why the product was not delivered, including

but not limited to: (i) providing customers with fake shipping company tracking numbers, and

then falsely blaming non-delivery on the shipping companies; (ii) falsely informing a customer

that a truck full of electronic equipment traveled cross-country, only to return to Rhode Island

3

when the customer was not at his office to receive delivery of the shipment; (iii) falsely informing customers that the electronic equipment was stuck in Customs; and (iv) falsely informing customers that the product was on a delivery truck on its way to the customer.

13.     It was further a part of the manner and means that between in or about July 2005 through in or about March 2006, Mixitforme failed to deliver millions of dollars worth of electronic equipment that had already been paid for by customers throughout the United States.

14.     It was further a part of the manner and means that during the time that Mixitforme customers were waiting for their shipments of electronic equipment, defendant DAVID WHITAKER spent large sums of Mixitforme funds for his personal benefit, including but not limited to, the purchase of luxury automobiles, the rental of a mansion in Miami, the use of private air planes, repeated stays at luxury hotels, the regular use of limousine drivers, the use of a team of security personnel, and the rental of a yacht.

### D.  Execution of the Scheme

15.     On or about December 28, 2005, in the district of Rhode Island, and elsewhere, for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, the defendant did knowingly cause to be transmitted in interstate commerce writings, signs, signals, and sounds, according to the directions thereon, that is, the interstate wire transfer of $757,990.00 from the bank account of Interactive Learning, located in New York, into the bank account of Mixitforme, located in Rhode Island.

All in violation of 18 U.S.C. § 1343.

## COUNT 2

### Introduction

At all times material to this Information:

1.     The United States Attorney realleges and incorporates by reference paragraphs 1 through 4 of Count One of this Information in their entirety as though fully set forth herein.

2.     NOVA Information Systems, Inc. ("NOVA") was a company that acted as a credit card processing firm for both VISA and Mastercard credit cards.

3.     East Commerce Solutions, Inc. ("East Commerce") was a corporation that acted as an intermediary between credit card processors and small businesses.

4.     Beginning in or about September, 2005, and continuing until in or about March, 2006, in the District of Rhode Island and elsewhere, the defendant, DAVID WHITAKER, together with others known and unknown to the United States Attorney, knowingly, willfully, and unlawfully combined, conspired and agreed with each other to commit the following offense against the United States: to knowingly and willfully devise and attempt to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted in interstate and foreign commerce, writings, signs, signals, and sounds for the purpose of executing said scheme and artifice, in violation of 18 U.S.C. § 1343.

5.     It was the purpose and objective of the conspiracy to obtain funds from NOVA based on false and fraudulent pretenses, representations and promises concerning the financial status and history of Mixitforme.

5

## Manner and Means of the Conspiracy

6.      It was part of the conspiracy that in or about September 2005, Mixitforme was

seeking a credit card processor for the purpose of enabling Mixitforme to execute Visa and

Mastercard credit card transactions that were placed with Mixitforme over the Internet and by

telephone.

7.      It was further a part of the conspiracy that on or about September 15, 2005,

defendant DAVID WHITAKER and Cory Johnson met with a representative of East Commerce.

During that meeting, it was agreed that Mixitforme would apply to NOVA to process its credit

card transactions. The representative from East Commerce advised defendant DAVID

WHITAKER and Cory Johnson that Mixitforme would need to submit various application

documents to NOVA, including an application form, tax returns and financial information.

8.      It was further a part of the conspiracy that defendant DAVID WHITAKER and

Cory Johnson prepared and submitted various application documents to East Commerce for

ultimate submission to NOVA. Included among these documents were the purported Federal

individual tax returns of Cory Johnson for the years 2003 and 2004. The tax returns which

Mixitforme submitted to NOVA were not, in fact, true copies of the tax returns which Cory

Johnson submitted to the Internal Revenue Service (IRS). The tax returns which were submitted

to East Commerce contained Schedule Cs which falsely represented that in 2003 Mixitforme had

gross receipts in the amount of approximately $365,129, and that in 2004 Mixitforme had gross

receipts in the amount of approximately $1,967,327. In truth and in fact, Mixitforme was not in

business during the years 2003 and 2004, and Cory Johnson's actual Federal individual tax

returns which he submitted to the IRS for the years 2003 and 2004 did not reflect any business

6

income from Mixitforme.

9.     It was further a part of the conspiracy that on or about October 28, 2005, East Commerce sent to NOVA by facsimile transmission the completed application package from Mixitforme, including the false tax returns of Cory Johnson.

10.     It was further a part of the conspiracy that on or about November 23, 2005, in reliance on the application package which East Commerce submitted to NOVA on behalf of Mixitforme, including the false tax returns of Cory Johnson, NOVA entered into an agreement with Mixitforme to act as its credit card processor. The business relationship between Mixitforme and NOVA required Mixitforme to maintain a certain cash reserve with NOVA.

11.     It was further a part of the conspiracy that between approximately November 2005 and March 2006, NOVA processed millions of dollars worth of credit card transactions on behalf of Mixitforme. As part of this processing function, NOVA wired millions of dollars from its bank accounts located in Atlanta, Georgia, Minneapolis, Minnesota, and Knoxville, Tennessee, into the bank account of Mixitforme located at Bank RI in Providence, RI.

12.     It was further a part of the conspiracy that in March 2006, Mixitforme ceased business operations. Following the cessation of Mixitforme business activities, NOVA received complaints from hundreds of customers stating that they had not received the products which they had ordered from Mixitforme and charged on their credit cards.

13.     It was further a part of the conspiracy that as a result of the complaints received from customers of Mixitforme, NOVA refunded to these credit card customers approximately $3,178,347 in charges that were incurred on credit cards for products that were never delivered by Mixitforme. NOVA was able to offset the $3,178,347 with the cash reserve which it held on

behalf of Mixitforme in the amount of approximately $954,460, resulting in a loss to NOVA in the approximate amount of $2,223,887.

## Overt Acts Performed in Furtherance of the Conspiracy

In furtherance of the conspiracy and to accomplish its objectives and purposes, at least one of the following overt acts, among others, were committed by one or more of the coconspirators, in the District of Rhode Island and elsewhere:

14.     On or about September 15, 2005, defendant DAVID WHITAKER and Cory Johnson met with a representative of East Commerce in Providence, R.I.

15.     In or about September 2005, defendant DAVID WHITAKER and Cory Johnson prepared and submitted various application documents to East Commerce for ultimate submission to NOVA, including false Federal individual tax returns of CORY JOHNSON for the years 2003 and 2004.

16.     On or about October 28, 2005, defendant DAVID WHITAKER and Cory Johnson caused East Commerce to send to NOVA by facsimile transmission from East Providence, R.I., to Knoxville, Tennessee, the completed application package from Mixitforme, including the false tax returns of Cory Johnson.

17.     Between approximately November 2005 and March 2006, defendant DAVID WHITAKER and Cory Johnson caused NOVA to wire millions of dollars into the bank account of Mixitforme located at the Bank RI branch in Providence, R.I., including the wiring of approximately $476,208 from NOVA into the Mixitforme bank account at Bank RI on or about December 7, 2005.

All in violation of 18 U.S.C. § 371.

8

## COUNT 3

1.      The United States Attorney realleges and incorporates by reference paragraphs 1 through 17 of Count Two of this Information in their entirety as though fully set forth herein.

2.      On or about December 28, 2005, in the District of Rhode Island, defendant DAVID WHITAKER, did knowingly engage and attempt to engage in a monetary transaction by and through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000; that is, the transfer of $150,000 from the Mixitforme bank account located at Bank RI to Future Affairs Productions,  such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as specified in Count 2 of this Information.

All in violation of 18 U.S.C. § 1957.

## COUNT 4

From on or about October 11, 2005, through on or about November 4, 2005, in the District of Rhode Island, defendant DAVID WHITAKER, did corruptly give, offer and promise a thing of value to an officer, employee and agent of a financial institution, to wit Bank RI, with

intent to influence and reward that person in connection with any business and transaction of

Bank RI.

All in violation of 18 U.S.C. § 215(a)(1).


ROBERT CLARK CORRENTE
United States Attorney


ANDREW J. REICH
Assistant U.S. Attorney


LEE H. VILKER
Assistant U.S. Attorney


LUIS M. MATOS
First Assistant U.S. Attorney

Dated: 5/9/08

10