MAY 0 9 2008

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CR08-445

UNITED STATES OF AMERICA      :

      V.      :   CR. No. 08-

DAVID WHITAKER      :

              :

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, DAVID WHITAKER have reached the following agreement:

1. Defendant's Obligations.

    a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a four-count Information which charges Defendant with Wire Fraud, in violation of 18 U.S.C. §1343; Conspiracy, in violation of 18 U.S.C. §371; Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §1957; and Commercial Bribery, in violation of 18 U.S.C. §215(a)(1). Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    b. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

        (I) Defendant will meet with government representatives as often as necessary and provide complete and truthful information to them.

(ii) Defendant will appear and testify completely and truthfully in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings.

(iii) Defendant understands that any and all statements, information, and testimony Defendant provides must at all times be complete and truthful. If, at any time, Defendant wilfully provides any false statement, information, or testimony, Defendant shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

2. Government's Obligations. In exchange for Defendant's plea/s of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines. If however, Defendant seeks a downward departure under the guidelines, the government will then be free to recommend any term of imprisonment within the applicable guideline range found by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea

of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. If the government, in its sole discretion, determines that Defendant has provided substantial assistance to the government in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline sentencing range. Defendant understands that the decision whether to file such a motion is solely up to the United States Attorney's Office and the decision whether, and to what extent, to grant it is solely up to the Court. The government has not made any promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

f. If requested to do so by the defendant, the government will inform other prosecuting or investigative authorities of the nature and extent of any cooperation provided by the defendant.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.   The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The amount of the loss relating to Count 1 (Wire Fraud) as determined under Guideline §2B1.1(b) is more than $7 million and less than $20 million.

b. The number of victims relating to Count 1 (Wire Fraud) as determined under Guideline §2B1.1(b)(2) is more than 50 and less than 250.

c. The amount of the loss relating to Count 2 (Conspiracy) as determined under Guideline §2B1.1(b) is more than $1 million and less than $2.5 million.

d. The amount of the loss relating to Count 4 (Commercial Bribery) as determined under Guideline §2B4.1(b)(1) is more than $70,000 but not more than $120,000.

e. The charged offenses did not involve "sophisticated means" within the meaning of Guideline §2B1.1.

5.   Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case.  Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6.      The maximum statutory penalties for the offense to which defendant is pleading are:

Count 1 - Wire Fraud: 20 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; and a mandatory special assessment of $100.

Count 2 - Conspiracy: 5 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; and a mandatory special assessment of $100.

4

Count 3 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity: 10 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; and a mandatory special assessment of $100.

Count 4 - Commercial Bribery: 30 years imprisonment; a fine of $1,000,000.00; a term of supervised release of 5 years; and a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 65 years imprisonment; a fine of $1,750,000.00; and a term of supervised release of 14 years. The mandatory special assessment totals $400.

7.     Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8.     Defendant is advised and understands that:

a.     The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b.     Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c.     Defendant has the right to a jury trial;

d.     Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e.     Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f.     Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10.     The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right

to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11.   Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12.   Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court.   Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within or below the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any

recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18.  Defendant states that Defendant has read the agreement or has had it read to

Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____
DAVID WHITAKER
Defendant

5/8/08
_____
Date

_____
THOMAS BRIODY, ESQ.
Counsel for Defendant

5/9/08
_____
Date

_____
ANDREW J. REICH
Assistant U.S. Attorney

5-9-08
_____
Date

_____
LEE H. VILKER
Assistant U.S. Attorney

5-9-08
_____
Date

_____
LUIS M. MATOS
First Assistant U.S. Attorney

5/9/08
_____
Date