AO 245B    (Rev. 09/08) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DAVID WHITAKER**<br><br>**A/K/A DAVID ANDREWS, CHASE** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **1:08CR00044-01S**<br>USM Number: **86454-022**<br><br>George J. West, Esq.<br>Defendant's Attorney |

FILED DEC 08 2011 U.S. DISTRICT COURT DISTRICT OF RI

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    I - IV of the Information

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| | See Next Page | | |

The defendant is sentenced as provided in pages 2 through ___16___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 2, 2011
Date of Imposition of Judgment

_[signature]_
Signature of Judge

William E. Smith
US District Judge
Name and Title of Judge

12/8/11
Date

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
          Sheet 1A

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page __2__ of __16__

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1343 | Wire Fraud | March 2006 | I |
| 18 U.S.C. §371 | Conspiracy to Defraud the United States | March 2006 | II |
| 18 U.S.C. §1957 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | December 28, 2005 | III |
| 18 U.S.C. §215(a)(1) | Commercial Bribery | November 4, 2005 | IV |

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __3__ of __16__

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**70 months as to counts I, III, IV and 60 months as to count II to be served concurrently with each other.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**The defendant shall be placed in a medical facility - Fort Devens.**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

---

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page 4 of 16

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**3 years as to counts I - III and 5 years as to count IV to run concurrently with each other.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

### FOR OFFICIAL USE ONLY - US PROBATION OFFICE

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or (3) modify the conditions of supervision.
These conditions have been read to me. I fully understand them and have been provided a copy.

(Signed)

_____    _____
Defendant                                                                Date

_____    _____
US Probation Officer/Designated Witness                     Date

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page **5** of **16**

## SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special condition(s):

1. The defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office. The defendant shall contribute to the costs of such treatment based on ability to pay as determined by the probation officer.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment — Page **6** of **16**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 400.00       | $ 0.00   | $ 10,065,399.84 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| Bob Adams<br>Better Deals 123<br>8205 Sandybrook Lane<br>Wake Forest, NC 27857 | $30,200.00 | $30,200.00 | |
| Tahir Ahmed | $17,400.00 | $17,400.00 | |
| Gerard Angus | $50,712.00 | $50,712.00 | |
| **TOTALS** | $ 10,065,399.84 | $ 10,065,399.84 | |

☐ If applicable, Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page 7 of 16

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Alejandra Aranibar<br>SF Closeout<br>1639 Jerrold Avenue<br>San Francisco, CA 94124 | $28,224.92 | $28,224.92 | |
| Asokan Balasubramanian | $30,450.00 | $30,450.00 | |
| Gayle Barnes<br>GWJ Sourcenet Distributors, Inc<br>PO Box 5685<br>Round Rock, TX 78683 | $96,720.00 | $96,720.00 | |
| Greg Bohrn<br>Monster Gear<br>938 E 132nd Drive<br>Thorton, CO 80241 | $11,980.00 | $11,980.00 | |
| Michael Borders<br>MB Enterprises<br>5216 Judsonville Drive<br>Antioch, CA 94531 | $30,670.00 | $30,670.00 | |
| Jeff Brewer<br>SFAMEDIA<br>1549 Greenfield Avenue<br>Salt Lake City, UT 84121 | $18,669.00 | $18,669.00 | |
| Michael Brown<br>NW Gaming Rigs<br>10620 NE Skidmore Street<br>Portland, OR 97220 | $31,500.00 | $31,500.00 | |
| Li Wah Chan & So Kam Chan | $41,650.00 | $41,650.00 | |
| Jesse Christian | $15,960.00 | $15,960.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
          Sheet 5B(2) — Criminal Monetary Penalties

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page **8** of **16**

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dan Clark<br>MBD Wholesale<br>862 West Kingsway Drive<br>Springfield, MO 65810 | $35,690.00 | $35,690.00 | |
| Michael Cooke | $41,400.60 | $41,400.60 | |
| Jordan Cooper | $4,695.20 | $4,695.20 | |
| Peter Cooper | $693.00 | $693.00 | |
| Anthony Coviello<br>TLC Outlets<br>316 Titusville Road<br>Poughkeepsie, NY 12603 | $100,000.00 | $100,000.00 | |
| Jeffrey Davis<br>DYD Computers<br>1710 Scarborough Road<br>High Point, NC 27265 | $8,000.00 | $8,000.00 | |
| Felix Del Real<br>Dos O Mas<br>7319 Ridgeview Lane<br>Whittier, CA 90606 | $24,200.00 | $24,200.00 | |
| Lisa DePalma (Lisa Lignori)<br>My Web Wholesaler<br>486 Lamoka Avenue<br>Staten Island, NY 10312 | $556,700.00 | $556,700.00 | |
| Yacov Derhi<br>IGE<br>3310 N 37th Street<br>Hollywood, FL 33021 | $42,040.00 | $42,040.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5B(3) — Criminal Monetary Penalties

DEFENDANT: **DAVID WHITAKER**                                     Judgment—Page  9  of  16
CASE NUMBER: **1:08CR00044-01S**

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Fracesco DeSantis<br>Pick Your Deal<br>630 106th Avenue SW<br>Pembroke Pines, FL 33025 | $17,000.00 | $17,000.00 | |
| Arthur Ellington<br>Dragon Meany Motorsport<br>Unit 5 R4 Division<br>Box 555161 | $60,000.00 | $60,000.00 | |
| Priscilla Ellis<br>PKV Wireless<br>100 W. Veterans Memorial Hwy<br>Harker Heights, TX 76548 | $237,000.00 | $237,000.00 | |
| Shawn Freitag | $17,000.00 | $17,000.00 | |
| Eric Frye<br>Fast Cash Pawn<br>846-848 Newport Avenue<br>Pawtucket, RI 02861 | $46,839.00 | $46,839.00 | |
| Jorge Garcia | $87,200.00 | $87,200.00 | |
| David George | $990.00 | $990.00 | |
| Scott Gins | $450,000.00 | $450,000.00 | |
| Blaine Goldman (a/k/a Graboyes)<br>Silver Platter<br>PO Box 97<br>Point Pleasant, PA 18950 | $27,895.00 | $27,895.00 | |

      * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5B(4) — Criminal Monetary Penalties

DEFENDANT: DAVID WHITAKER
CASE NUMBER: 1:08CR00044-01S

Judgment—Page 10 of 16

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Travis Gough<br>TSG Enterprises<br>24 Germaine Court<br>Williston, VT 05495 | $8,550.00 | $8,550.00 | |
| Matthew Grosso<br>Cutting Edge Technology<br>19 Hastings Drive<br>Stony Brook, NY 11790 | $801,024.00 | $801,024.00 | |
| Richard Hain | $26,145.00 | $26,145.00 | |
| Randy Haugen<br>Spectrum Communications<br>1971 South Estes Street<br>Lakewood, CO 80227 | $90,850.00 | $90,850.00 | |
| James Higgins | $7,250.00 | $7,250.00 | |
| Pam Holtz<br>Inet Electronix<br>4613 Finney Court<br>Chester, VA 23831 | $95,280.00 | $95,280.00 | |
| Dwayne Johnson<br>WholetheSale.com<br>5379 Lyon Road, #121<br>Coconut Creek, FL 33073 | $215,000.00 | $215,000.00 | |
| Barry Kates<br>Innovative Marketing<br>9350 South Dixie Highway, Penthouse 1<br>Miami, FL 33156 | $144,000.00 | $144,000.00 | |
| Chi Keung Ko<br>CKK Unlimited<br>15139 25th Drive<br>Flushing, NY 11354 | $4,874.79 | $4,874.79 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5B(5) — Criminal Monetary Penalties

DEFENDANT: **DAVID WHITAKER**  
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page __11__ of __16__

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Brian Krstich | $16,500.00 | $16,500.00 | |
| Jess Leaver<br>iPod Nano Outlet<br>1505 West St. Mary's Road<br>Tucson, AZ 85745 | $242,410.00 | $242,410.00 | |
| Felix Lin | $11,100.00 | $11,100.00 | |
| Patricia Litzinger | $1,800.00 | $1,800.00 | |
| Sue Mallah<br>Total Bargain<br>190 Willow Creec Circle<br>Ottawa, ON Canada K2G 7B1 | $20,755.00 | $20,755.00 | |
| Michael McSurley | $7,458.80 | $7,458.80 | |
| Ryan Melville | $70,050.00 | $70,050.00 | |
| Hesam Meshkat<br>EBargain Wholesales, Inc.<br>25 Newtown Road<br>Plainview, NY 11803 | $385,520.00 | $385,520.00 | |
| Sean Mulcahy | $7,750.00 | $7,750.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5B(6) — Criminal Monetary Penalties

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page 12 of 16

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Terri Ngo<br>Terringo<br>12078 E. Ida Circle<br>Englewood, CO 80111 | $19,335.00 | $19,335.00 | |
| Danny Nuon<br>HiFi Tech<br>32 Kirkhaven Court<br>San Jose, CA 95111-3713 | $50,000.00 | $50,000.00 | |
| Howard Nwadike<br>Howard Electronics<br>4000 Dunwoody Park #5314<br>Atlanta, GA 30338 | $6,000.00 | $6,000.00 | |
| Rafal Orlik | $6,140.00 | $6,140.00 | |
| Paul A. Plaisance<br>Outlet Pro's<br>1225 Crescent Drive<br>Baton Rouge, LA 70806 | $63,000.00 | $63,000.00 | |
| Angela Powell | $3,000.00 | $3,000.00 | |
| David Rinehart | $10,920.00 | $10,920.00 | |
| Pete Roesner<br>Silber LLC<br>1705 Red Oak Run<br>Fort Wayne, IN 46804 | $564,185.51 | $564,185.51 | |
| Jonathan Ross<br>North American Air Charters<br>90 Arrival Avenue, Suite 20<br>Ronkonkoma, NY 11779 | $80,000.00 | $80,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page __13__ of __16__

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dan Scheinkman<br>Silver Standard Distributors<br>1531 Camden Avenue, #PH4<br>Los Angeles, CA 90025 | $107,300.00 | $107,300.00 | |
| Trevor Sears<br>Internet Sales Solutions<br>2964 South 900 East<br>Salt Lake City, UT 84106 | $320,000.00 | $320,000.00 | |
| Kurt Servies<br>Giggitty Gadgets LLP<br>402 Longstreet Drive<br>Greer, SC 29650 | $20,017.00 | $20,017.00 | |
| Stuart Sipos<br>SIACK Technology<br>2049 Cornell Place<br>Merrick, NY 11566 | $25,292.00 | $25,292.00 | |
| Edward Shklowsky | $5,500.00 | $5,500.00 | |
| Mark Sobhraj<br>Key West Marketing<br>3622 Briggeman Drive<br>Los Alamitos, CA 90720 | $1,730,000.00 | $1,730,000.00 | |
| Israel Sporn | $75,000.00 | $75,000.00 | |
| John J. Stasik, III | $17,950.00 | $17,950.00 | |
| Haji Tabba<br>Tabba Global<br>675 Progress Center Avenue, Suite H<br>Lawrenceville, GA 30043 | $64,800.00 | $64,800.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
          Sheet 5B — Criminal Monetary Penalties

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page __14__ of __16__

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dave Tannenbaum | $4,000.00 | $4,000.00 | |
| Edward Walsh<br>Custom Retailz<br>21 Keith Road<br>Reading, MA 01867 | $13,677.00 | $13,677.00 | |
| Kwang Yoo | $8,750.00 | $8,750.00 | |
| Jitu Zaveri<br>PC Quest<br>1047 NW 116 Avenue<br>Coral Springs, FL 33071 | $336,000.00 | $336,000.00 | |
| ELAVON, Inc.<br>f/k/a NOVA Information Systems<br>7300 Chapman Highway<br>Knoxville, TN 37920 | $2,216,737.02 | $2,216,737.02 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment — Page  15  of  16

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑ Lump sum payment of $ __10,065,799.84__ due immediately.

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:



Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate. (SEE NEXT PAGE)

    **The joint and several liability amounts for all co-defendants listed above are effective upon entry of judgment in their individual cases. Those amounts may be changed by the Court. The final judgment for each co-defendant reflects the amount of that co-defendant's liability.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6A — Schedule of Payments

DEFENDANT: **DAVID WHITAKER**
CASE NUMBER: **1:08CR00044-01S**

Judgment—Page  16  of  16 

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 1:07CR00151-01S Cory Johnson | $10,065,399.84 | $2,216,737.02 | ELAVON, Inc. f/k/a NOVA Information Systems 7300 Chapman Highway Knoxville, TN 37920 |